## David Wiener, Appellant, v. Lincoln Crushed Stone Company, Appellee.

### Gen. No. 7,018.

1. SALES—*when purchaser cannot recover upon grounds of warranty.* When a purchaser of personal property has fully inspected it before purchasing and there is no concealment by the seller nor any representations as to quality made by the seller to induce the purchase, the purchaser cannot recover upon the grounds of warranty.

2. SALES—*what is decisive test in determining existence of warranty.* In determining whether there was a warranty in the sale of personal property, the decisive test is whether the seller assumed to assert a fact of which the purchaser was ignorant or merely stated an opinion or judgment upon a matter of which he had no special knowledge and on which the purchaser might be expected to have an opinion and exercise his judgment.

3. SALES—*what are questions for jury.* Whether the purchaser of railroad ties had an opportunity to examine them, whether he did examine them and whether the seller warranted them, *held* questions of fact for the jury.

4. SALES—*sufficiency of evidence to sustain verdict for defendant in action for purchase price.* Where railroad ties were purchased while in piles so that the center of them could not be seen and, upon their arrival at the purchaser's premises, such ties were found to be in poor condition, evidence examined and *held* to sustain a verdict for the defendant in an action for the purchase price.

5. SALES—*when instructions in action for purchase price properly modified.* In an action for the purchase price of railroad ties, instructions based upon the doctrine that if the purchaser had an opportunity to, and in fact did, before the sale, inspect and examine them and knew or could have known of their condition he was bound to pay for them, *held* properly modified by adding a provision covering a warranty by the seller.

6. INSTRUCTIONS—*when modification proper.* Offered instructions which did not refer to the evidence were properly modified to make them do so.

Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 23, 1922.

GEORGE WARNER YOUNG, for appellant.

JOHN H. SAVAGE, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

In December, 1920, appellant, David Wiener, began suit before a justice of the peace against appellee, the Lincoln Crushed Stone Company, a corporation, to recover the purchase price of certain railroad ties sold to appellee by appellant. Upon a hearing judgment was rendered against appellee for $25 and an appeal was prosecuted to the county court of Will county. There was a trial by jury in the county court and a verdict for the appellee. A new trial was granted, and upon a second trial a verdict was returned in favor of the appellee. Judgment was rendered upon the verdict against appellant for costs and this appeal was prosecuted.

It is contended by appellant that the verdict is contrary to the evidence and that the court erred in modifying certain instructions offered by appellant. Appellant operated a sawmill south of the City of Joliet, in Will county, on a spur of the E., J. & E. Ry. In his millyard he had about 150 railroad ties which had been there from the fall of 1913 until August, 1917. Late in August, 1917, appellant met Herman Greenberg, who was the president of appellee corporation. Appellant asked Greenberg if he did not want to buy some ties and Greenberg replied that he did. A day or so later appellant and Greenberg went to the sawmill to examine the ties. They were in two piles, in alternative tiers, lengthwise and crosswise. The ends of each tie could plainly be seen, but the center of the ties could not be examined except the ones which were on the outside. There were about 100 of the larger size and about 50 of the smaller ones. Appellant asked 60 cents apiece for the larger ones and 50 cents for the smaller ones. Greenberg testified that he refused to pay that price but offered $25 for all of them, which

appellant says he refused, but Greenberg testified that appellant accepted this offer. Greenberg testified "that the ties looked a good deal years old," and he testified that appellant said they were all right and that they were the same inside of the pile as they were on the outside. It is conceded that a contract of sale, was entered into but the price is in dispute. Appellant testified that Greenberg said he would take the ties and that appellant was to be present when they were taken, and that Greenberg would pay for them at that time. A few days later, a railroad car was set in on the mill switch and Greenberg came with his men and loaded the ties and took them to appellee's quarry. Appellant was not present at that time. Greenberg testified that he went to the mill and showed his men where the ties were and then left and was not present when they were loaded on the car. When the ties were unloaded at the quarry of the appellee, the evidence shows that some of them were rotten, many of them were hollow, they would not hold a spike, and when they were thrown off the car many of them split or broke. When Greenberg's men started to load them on the car this condition was discovered and the excuse for loading them was that the men understood they were to be loaded regardless of the condition. Greenberg testified that when this condition was discovered the ties were taken back to appellant's mill, but this evidence was excluded by the court. On September 7, 1917, which was a few days after the ties were taken to the quarry, Greenberg had the secretary of appellee write a letter to appellant with reference to Greenberg not having kept an appointment with appellant on the previous Wednesday, in which letter it was stated that appellee had the ties in the quarry and appellant could see what was taken, any time he would come to Joliet, and if appellant would let Greenberg know when appellant was coming, Greenberg would meet him at

the quarry. Later, from time to time, there were attempted telephone calls and negotiations between the parties. No settlement was effected, but it was not until December, 1920, that suit was begun.

The rule is that where a purchaser of personal property has fully inspected the property before purchasing, and there is no concealment by the seller, nor any representations as to quality made by the seller to induce the purchase, the purchaser cannot recover upon the grounds of a warranty. *Telluride Power Transmission Co. v. Crane Co.,* 208 Ill. 218; *Hicks v. Stevens,* 121 Ill. 186. This is not the rule, however, where there has been no opportunity to inspect and there have been representations as to quality made by the seller. In determining whether there was in fact a warranty, the decisive test is whether the seller assumed to assert a fact of which the purchaser was ignorant; or merely stated an opinion or judgment upon a matter of which the seller had no special knowledge, and on which the purchaser might be expected also to have an opinion and to exercise his judgment. In the former case there is a warranty and in the latter case there is no warranty. *Kenner v. Harding,* 85 Ill. 264; *Roberts v. Applegate,* 153 Ill. 210.

The contention of appellant is that Greenberg knew the ties were old and not first-class; that he inspected and examined them before he bought them; that they were in plain sight all the time and that he bought them on his own judgment; that there was no warranty and no concealment, fraud or artifice on the part of the appellant; that Greenberg was present when they were loaded on the car and knew what he was getting and was bound to pay for them.

Whether Greenberg had an opportunity to examine the ties, whether he did examine them, and whether appellant warranted them were questions of fact for the jury. The evidence on these points was in sharp conflict. It is undisputed, however, that the ties were

so piled that it was impossible for Greenberg to make an examination to see their condition in the center of the pile. He could see the ends, sides and top, but the center could not be inspected without tearing down the piles, and it is conceded this was not done. The weight of the evidence shows that Greenberg was not present when the ties were loaded on the car and for this reason he knew nothing of their condition until they were unloaded at the quarry. We think the greater weight of the evidence shows that the ties were practically worthless.

Much stress is placed by appellant on the fact that Greenberg agreed with appellee that he would pay for the ties when they were taken and that both should be present at that time. Stress is also placed upon the letter of September 7, 1917, which appellant contends proves that Greenberg had an appointment with appellant at the mill before the ties were loaded. We do not think either of these contentions is very material and we do not think that either of them is supported by the evidence. Greenberg testified that the appointment referred to in the letter was not with reference to this matter at all, but referred to another deal which he had with appellant for some old machinery, and in this contention we think he is sustained by the evidence.

This case has been tried by two juries and both have returned verdicts against appellant. After a careful consideration of the evidence we are of the opinion that the verdict is not contrary to the evidence. The jury saw the witnesses and heard them testify and were in a much better position than we are to determine the facts. The jury, by their verdict, necessarily found that Greenberg did not know of the condition of the ties before they were delivered; that appellant warranted them and we think that substantial justice has been done for the reason that the

finding of the jury is not against the weight of the evidence.

Complaint is made by the appellant because of the modification of the first, second, third, fourth, sixth and eighth instructions offered by him. The first four of these instructions, as originally submitted, were based upon the doctrine that if Greenberg had the opportunity, and in fact did, before the sale, inspect and examine the ties and knew, or could have known, of their condition, he was bound by the contract to pay for them. To each of these instructions the court added a provision covering the question of warranty. The instructions, as modified, announce correct rules of law applicable to the facts and there was no error in modifying them. The court gave the sixth and eighth instructions as offered by appellant, except that he made each one refer to the evidence, which they did not do as originally submitted. As modified they were correct. Cross errors have been assigned by appellee, but it will not be necessary to consider them.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*